# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITHISH TELECOMMUNICATIONS PLC, § § *Plaintiff*, § § v. § § IAC/INTERACTIVECORP, MATCH § GROUP, INC., MATCH GROUP, LLC, and § VIMEO, INC., § § *Defendants*. § | Civil Action No. 18-366-WCB |

BRITISH TELECOMMUNICATIONS PLC,

   *Plaintiff*,

   v.

IAC/INTERACTIVECORP, MATCH GROUP, INC., MATCH GROUP, LLC, and VIMEO, INC.,

   *Defendants*.

Civil Action No. 18-366-WCB

## SCHEDULING ORDER

The Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), the Court proposes the following scheduling order for this case. The parties may suggest changes to this order by letter filed by January 18, 2019. Any proposed changes should be accompanied by a brief explanation of the need for the change. Until and unless any changes are made, this scheduling order will govern the proceedings in these consolidated cases. To the extent possible, exact dates and times for in-court events will be determined when the final scheduling order is entered.

1. <u>Disclosures and Discovery</u>. Fed. R. 26(a)(1) initial disclosures will be made by January 24, 2019. Disclosures under the District of Delaware's Default Standard for Discovery Including Discovery of Electronically Stored Information will be made as follows: Paragraph 3 and 4(a) disclosures by January 24, 2019; paragraph 4(b) disclosures by February 25, 2019; paragraph 4(c) disclosures by March 28, 2019; paragraph 4(d) disclosures by April 30, 2019. Document production will be completed by October 31, 2019. Fact discovery will close on January 16, 2020.

1

In the event of any disputes over discovery issues that the parties cannot resolve after meeting and conferring and for which the parties need the Court's intervention, the parties may proceed either by motion or by letter. If the parties need an immediate decision, they should contact the Court's law clerk, Mr. Jesse Vella, at vellaj@cafc.uscourts.gov, to schedule a telephonic conference. Unless otherwise ordered, the party seeking relief shall file a letter, no later than 48 hours before the conference, setting forth the issues in dispute and the party's position on those issues. Any party opposing the application for relief shall file a letter no later than 24 hours before the conference setting forth the party's position on the issues.

2. <u>Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by February 7, 2019. Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

3. <u>Papers Filed Under Seal</u>. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document. Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court

proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the sealed/redacted transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction or to a third party.

    4. <u>Claim Construction Issue Identification</u>. On or before May 16, 2019, the parties shall exchange a list of those claim terms or phrases that they believe need construction and their proposed claim construction of those terms or phrases. That document will not be filed with the Court. By June 6, 2019, the parties will exchange their proposed claim constructions. Thereafter, the parties will prepare a Joint Claim Construction Chart, which is to be filed with the Court no later than June 20, 2019. The parties' Joint Claim Construction Chart should identify for the Court the terms or phrases of the claims at issue and should include each party's proposed construction of the disputed claim language with citations to the intrinsic and extrinsic evidence in support of their respective proposed construction. The parties shall attach copies of those portions of the record relied on by each party in connection with the constructions set forth in the Joint Claim Construction Chart.

    5. <u>Claim Construction Briefing</u>. The plaintiff shall serve and file its opening claim construction brief, not to exceed 5,500 words, by July 11, 2019. The defendant shall serve and file its answering brief, not to exceed 8,250 words, by August 1, 2019. The plaintiff shall serve and file its reply brief, not to exceed 5,500 words, by August 15, 2019. The defendant shall serve and file its sur-reply brief, not to exceed 2,750 words, by August 29, 2019.

6. <u>Hearing on Claim Construction</u>.  If the Court determines that a claim construction hearing is needed, the hearing will be held on a date to be determined in August or September 2019.  If any party elects to present testimony at the hearing, that party must so advise the Court by letter filed at least two weeks before the hearing.

7. <u>Final Infringement and Invalidity Contentions</u>.  Within 30 days of the filing of the Court's claim construction order, the plaintiff's final infringement contentions must be served.  Within 30 days of the service of those final infringement contentions, the defendants' final invalidity contentions must be served.

8. <u>Disclosure of Expert Testimony</u>.  For the party that has the initial burden of proof on a particular issue, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before February 13, 2020.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before March 16, 2020.  Reply expert reports from the party with the initial burden of proof are due on or before April 16, 2020.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.   Expert discovery will close on May 21, 2020.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

9. <u>Case Dispositive Motions (Other Than Motions Under Rule 12, Fed. R. Civ. P.)</u>.  Each party may file as many case dispositive motions as it chooses, provided that each party will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition

to one or more case dispositive motions, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total number of words permitted for all case dispositive and *Daubert* motions shall be increased to a total of 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs for each party.  Case dispositive motions will be due by June 18, 1010.  Answering briefs will be due by July 17, 2020.  Reply briefs will be due by July 31, 2020.  A hearing on case dispositive motions, if needed, will be conducted at a time to be determined by the Court.

      10.  <u>Pretrial Conference</u>.  On a date to be determined in October 2020, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

      11.  <u>Jury Instructions, Voir Dire and Special Verdict Forms</u>.  If the case is to be tried to a jury, each party shall file (i) proposed voir dire questions, (ii) proposed preliminary jury instructions, (iii) proposed final jury instructions, and (iv) a proposed verdict form no later than 5:00 p.m. on the third business day before the date of the final pretrial conference.  *See* Local Rules 47.l(a)(2) and 51.1.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to brysonw@cafc.uscourts.gov.

      12.  <u>Trial</u>.  This matter is scheduled for a five-day jury trial on a date to be set during November 2020.  The trial will be timed, and each party will be allocated a total of 12 hours in which to present their respective cases, not counting opening statements and closing arguments.

13. <u>Judgment on the Verdict and Post-Trial Status Report</u>.  Within seven days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

14. <u>Post-Trial Motions</u>.  Unless otherwise ordered by the Court, each party is limited to one post-trial motion addressing all post-trial issues each party elects to raise.  Each party will be allowed a maximum of 40 pages for its opening brief, 40 pages for its answering brief, and 20 pages for its reply brief relating to the post-trial motions.

15. <u>ADR Process</u>.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

IT IS SO ORDERED.

SIGNED THIS 11th day of January, 2019.

*[signature: William C. Bryson]*

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE