IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRITISH TELECOMMUNICATIONS PLC,  )
)
                        Plaintiff,  )
)
              v.                    )          C.A. No. 18-366-WCB
)
IAC/INTERACTIVECORP, MATCH          )
GROUP, INC., MATCH GROUP, LLC, and  )
VIMEO, INC.,                        )
)
                        Defendants. )

**[PROPOSED] PROTECTIVE ORDER**

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following

Stipulated Protective Order.

2.    **DEFINITIONS**

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "CONFIDENTIAL" information in this matter.

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.8     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items:  extremely sensitive "Confidential Information or Items" representing "Source Code," (defined below), disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel:  attorneys who are employees of either the BT corporate organization or the IAC corporate organization.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, House Counsel and Outside Counsel of Record (and their support staffs).

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities other than employees of a Party to this action that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and reviewing, categorizing, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    Source Code:  computer instructions and data definitions expressed in a form suitable for input to an assembler or compiler, along with associated comments found within the source code files.

## 3.    SCOPE

3.1    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.    DURATION

4.1    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" to each page of a document or portion of a document that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced.  During the inspection and before the designation, all

of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY," or if the material is Source Code, "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  After the

inspecting Party has identified the documents it wants copied and produced, the Producing Party

must determine which documents, or portions thereof, qualify for protection under this Order.

Then, before producing the specified documents, the Producing Party must affix the appropriate

legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

SOURCE CODE") to each page of a document or portion of a document that contains Protected

Material.

   (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

Designating Party identify on the record, before the close of the deposition, hearing, or other

proceeding, or within 21 days thereafter in a written notice to the other Party, all protected

testimony and specify the level of protection being asserted.  Only those portions of the

testimony that are appropriately designated for protection within the 21 days thereafter shall be

covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party

may specify, at the deposition, hearing or other proceeding, or up to 21 days afterwards in

writing, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

   During a deposition, when counsel deems that the answer to a question may result in the

disclosure of Protected Material of that counsel's client, counsel may request that any persons

present who are not authorized pursuant to Section 7 leave the deposition during the confidential

portion of the deposition.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that 21-day period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure

protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  If at the time of such correction, the Receiving Party has already disclosed the Protected Material in a manner inconsistent with the corrected designation, the Receiving Party shall comply with the procedures set forth at Section 12.1.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial and unnecessary unfairness, economic burdens, or disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If after meeting and conferring as required by Section 6.2, the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation if there is good cause for doing so.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation,  who have been identified to

the Disclosing Party, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel, pursuant to Section 14.4;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, and any employee of the Producing Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as

employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation;

(b)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for

this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

(c)      the Court and its personnel, pursuant to Section 14.4;

(d)      court reporters and their staff, professional jury or trial consultants, and

Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); **[DEFS:  and]**[1]

(e)      the author or recipient of a document containing the information or a custodian or

other person who otherwise possessed or knew the information, and any employee of the

Producing Party**.  [BT:  and]**

**[BT Proposal, Objected to by Defendants:  (f)  Two in-house attorney-employees**

**who are not involved in either business decision making and/or prosecution and whose**

**responsibilities include either (i) management and oversight of the conduct of this litigation**

**and/or (ii) management and oversight of any settlement of this litigation.]**

7.4      Procedures for Approving or Objecting to Disclosure of "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

– OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items to Experts.

---

[1] [Note to Court:  If BT's proposal to add subparagraph 7(f) is not adopted, an "and" should be placed at the end of the text in 7.3(d); if BT's proposal to add subparagraph 7(f) is adopted, then an "and" should be placed at the end of the text in 7.3(e).]

(a)      Unless otherwise ordered by the Court or agreed to in writing by the Designating

Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or

item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY" or "HIGHLY CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY – SOURCE

CODE" pursuant to Section 7.3(c) first must (1) provide the Designating Party with the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) executed by the Expert and (2)

make a written request to the Designating Party that (a) sets forth the full name of the Expert and

the city and state of his or her primary residence, (b) attaches a copy of the Expert's current

resume, (c) identifies the Expert's current employer(s), (d) identifies each person or entity from

whom the Expert has received compensation or funding for work in his or her areas of expertise

or to whom the expert has provided professional services, including in connection with a

litigation, at any time during the preceding five years,  and (e) identifies (by name and number of

the case, filing date, and location of court to the extent known) any litigation in connection with

which the Expert has offered expert testimony, including through a declaration, report, or

testimony at a deposition or trial, during the preceding  four years.

(b)      A Party that makes a request and provides the information specified in the

preceding respective paragraphs may disclose the subject Protected Material to the Expert unless,

within 7 days of delivering the request, the Party receives a written objection from the

Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection must meet and confer with the

Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement within seven days of the written objection.  If no agreement is reached, the Party

seeking to make the disclosure to the Expert may file a motion within five business days of the

end of the meet and confer period requesting that the Court allow the Receiving Party's Expert access to the Protected Material pursuant to the terms herein.

## 8.      PROSECUTION BAR

8.1      To the extent Protected Material includes highly sensitive technical information relating to the design or functionality of a Party's current or future products or services that a Party reasonably believes should be subject to the Prosecution Bar, the producing Party may designate such Protected Material as "SUBJECT TO PROSECUTION BAR," in addition to the confidentiality designation.  For Protected Material designated "SUBJECT TO PROSECUTION BAR," the following additional restrictions apply unless the producing and receiving Parties agree otherwise in writing.  Any attorneys, whether Outside Counsel of Record or House Counsel, and any persons associated with a Party who receives, obtains, or becomes informed about, in whole or in part, the substance of another Party's Protected Material that is designated as "SUBJECT TO PROSECUTION BAR" pursuant to this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patents or patent applications relating to the transmission or receipt of data over a computer network, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes involvement in or advising regarding drafting or amending patent claims.

**[BT Proposal, Objected to by Defendants:  To avoid any doubt, "prosecution" as used in this paragraph does not include such individual representing a party either challenging or defending a patent before a domestic or foreign agency (including, but not limited to, reissue, reexamination, *inter partes* review, or other post grant administrative**

**proceedings), but does include participation by such individual representing a party in an original patent application, and/or continuation, division, continuation-in-part or foreign counterpart thereof.]**

**[DEFENDANTS' Proposal, Objected to by BT:  To avoid any doubt, "prosecution" as used in this paragraph does not include such individual representing a party either challenging or defending a patent before a domestic or foreign agency, including but not limited to reissue, reexamination, *inter partes* review, or other post grant administrative proceedings, but this provision would preclude such individual from advising directly or indirectly on any amendments to the claims of the patent being challenged in such proceedings.]**

8.2     This Prosecution Bar shall begin when access to another Party's Protected Material marked "SUBJECT TO PROSECUTION BAR" is first received by the affected individual and shall end two years after final termination of this action, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Protected Materials marked "SUBJECT TO PROSECUTION BAR" and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application relating to the transmission or receipt of data over a computer network.

8.3     Any Party or Non-Party may challenge a designation of Protected Material as "SUBJECT TO PROSECUTION BAR" using the procedures in Section 6.

**9.     SOURCE CODE**

9.1     Source Code may be designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and shall be subject to all protections applicable to materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

14

EYES ONLY," including the Prosecution Bar set forth in Paragraph 8 and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, in addition to the following protections:

(a)      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's outside counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room in the same format as maintained in the normal course of business. Neither the secured computer nor the secured room shall have Internet access or network access to other computers. The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The only electronic devices other than the secured computer permitted in the secured room will be a laptop computer to take notes and develop work product provided that it is not used to copy, reproduce, or transmit any source code or portion of the source code and it is not used to connect to any network while in the secure room. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code;

(b)      Access to the standalone computer shall be permitted, after notice to the Producing Party and an opportunity to object, to Outside Counsel of Record representing the Receiving Party and no more than three (3) Experts retained by the Receiving Party, provided the Experts having been approved under Section 7.4 of this Protective Order. The persons who will review Source Code on behalf of a Receiving Party shall be named in writing to the Producing

Party at least seven days in advance of the first time that such person reviews such Source Code, and the Producing Party may object in writing within three business days of such notice.  The parties shall thereafter meet and confer within three business days of any objection by the Producing Party to attempt to resolve the objection.  If the Parties cannot resolve the objection without court intervention, the Receiving Party may file a motion within five business days of the end of the meet and confer period requesting that the Court allow the Receiving Party's proposed Source Code reviewer access to the Producing Party's Source Code pursuant to the terms herein;

(c)     The Receiving Party may request that additional software tools be installed on the standalone computer to assist the Receiving Party's review of the Source Code.  The Receiving Party is responsible providing the additional software tools to the Producing Party and for any license fees associated with such additional software tools.  If the Parties are unable to agree on the additional requested software tools, they may seek an Order from the Court after making a good faith effort to resolve their dispute;

(d)     The Receiving Party shall be allowed to request up to 50 pages of hard copy (non-electronic) portions of source code, per patent, that it, in good faith, considers necessary to the preparation of its case.  A Receiving Party may not request more than 10 consecutive pages of source code absent express permission of the Producing Party or an order from the Court.  A "page" for purposes of this limitation will be defined as an 8.5" x 11" sheet of paper with 12 point Times Roman font.  The Producing Party shall provide all such Source Code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" to the Receiving Party within five business days of the Receiving Party's request;

(e)      All access to the Source Code computer shall be maintained on a Source Code

Access Log identifying, for each and every time any Source Code is viewed, accessed or

analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3)

the length of time of access; and (4) a copy of any hard (non-electronic) copies of any portion of

the code that were produced;

(f)      No electronic copies of Source Code shall be made without the agreement of the

Producing Party or further order of the Court.  The Receiving Party shall maintain all paper

copies of any printed portions of the Source Code in a secure area.  No additional hard (non-

electronic) copies of Source Code or portions of Source Code shall be made without the

agreement of the Producing Party.  Notwithstanding the foregoing, nothing in this sub-Paragraph

shall prevent a Party from making such additional hard or electronic copies of Source Code as

are (1) necessary for use as exhibits at trial; (2) necessary to prepare court filings, pleadings, or

other papers (including a testifying expert's expert report), or (3) necessary for deposition.  Such

papers shall be subject to the requirements of Section 14.4 herein, and all other protections

applicable to materials designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY – SOURCE CODE;

(g)      Within 60 days of final termination of the suit as to the Producing Party, the

Receiving Party shall return all hard (non-electronic) copies of Source Code and certify through

counsel with personal knowledge that all electronic copies have been deleted and/or destroyed.

## 10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

10.1    <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information

in this case, the Court does not intend to preclude another court from finding that information may be

relevant and subject to disclosure in another case.  Any person or party subject to this order who

becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

10.2     Specifically, if a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its

possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12.1    If a Receiving Party learns that, by inadvertence or otherwise (including due to an incorrect designation pursuant to Section 5.3), it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13.1    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502, insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.  If the parties are unable to reach agreement on resolving a dispute as to

inadvertently produced material under the provision, the parties shall then follow the procedures of Sec. 12.1 above.

## 14.    MISCELLANEOUS

14.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

## 15.    FINAL DISPOSITION

15.1    Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

product, and consultant and expert work product, even if such materials contain Protected

Material.  Any such archival copies that contain or constitute Protected Material remain subject

to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

DATED: _____       _____
                                                            The Honorable William C. Bryson
                                                            United States Circuit Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the District of Delaware on _____ [date] in the case of BRITISH

TELECOMMUNICATIONS, PLC v. IAC/INTERACTIVE CORP, et al., Case No. 18-366-

WCB.  I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order, and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type

full address and telephone number] as my Delaware agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

23