IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRITISH TELECOMMUNICATIONS PLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-366-WCB |
| IAC/INTERACTIVECORP, MATCH GROUP, INC., MATCH GROUP, LLC, and VIMEO, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**PLANTIFF'S SUBMISSION IN RESPONSE TO**
**THE COURT'S DIRECTIVE OF MARCH 7, 2019**

This submission responds to the Court's email directive of March 7, 2019, regarding Declarations from Messrs. Neil Hobbs and Peter Ratcliffe as to issues over a proposed Protective Order in this case.

**Peter Ratcliffe:**

BT withdraws Mr. Peter Ratcliffe's name from consideration altogether under any tier involving "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information. This decision is based on Mr. Ratcliffe's legitimate concern that a permanent, unlimited proscription against being involved in analysis of any further patent assertions against IAC may unfairly affect his ability to adequately represent his client, BT, in the future. For example, if IAC were to file a separate lawsuit against BT at some point, possibly in the UK, and BT wanted to assert its own UK patents as counterclaims in such a lawsuit initiated by IAC, Mr. Ratcliffe would most certainly be called upon in his role as BT's Chief IP Counsel to organize, supervise and assess BT's defense and counterclaims in such situation. Neither Mr. Ratcliffe nor BT is willing to force Mr. Ratcliffe to make such a Hobson's choice at this time under present

circumstances as doing so would unduly and unfairly compromise Mr. Ratcliffe's future representation of BT. This is particularly true given that BT continues to assert that the proposed limitations on Mr. Ratcliffe's (and Mr. Hobbs') ability to advise/consult with BT with respect to enforcing BT patents within BT's patent portfolio not only exceeds the rationale of the *Blackbird* case but also violates the controlling core precedent of *U.S. Steel*, which requires in-house counsel to be treated in the same manner as outside counsel. *U.S. Steel Corp. v. United States,* 730 F.2d 1465, 1467 (Fed.Cir.1984) (finding "it was error to deny access solely because of in-house counsel's 'general position.'")

BT notes that this withdrawal of Mr. Ratcliffe's access to "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" tier may affect BT's ability to settle this action because Mr. Ratcliffe is likely to be a key participant in any settlement negotiations of this dispute, as he was in mediations previously conducted by Magistrate Judge Thynge in other cases involving BT. However, such impact may be minimized if, as Defendants' counsel represented to this Court, Defendants do not designate general confidential information or financial information under the HIGHLY CONFIDENTIAL tier. *See* Teleconference Transcript (March 6, 2019), p. 24 ("Just to be clear on one other point, Your Honor, we are not trying to deny their in-house counsel access to general confidential information or even financial information. We're really just wanting to restrict their access to the highly confidential technical details of the way our products and systems operate.") BT genuinely hopes that Defendants abide by this representation, so that Mr. Ratcliffe can have access to sufficient information to advise BT on the merits of this action and the potential for settlement going forward.

### **Neil Hobbs:**

We attach the declaration of Mr. Neil Hobbs as discussed at the March 6, 2019, phone conference in this matter. We further confirm that Mr. Hobbs will not need to review source code in order to adequately represent BT in this matter, and we hereby withdraw any request for Mr. Hobbs to access source code under § 2.9 of the proposed Protective Order. Eliminating Mr. Hobbs' access to any source code should simplify the situation, as the only remaining issue is Mr. Hobbs having access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designations under § 2.8 of the proposed Protective Order.

As to Mr. Hobbs and his possible access to information under § 2.8 of the proposed Protective Order, BT's counsel proposed during the March 6th hearing that Mr. Hobbs' restriction would be triggered only by his actual accession of HIGHLY CONFIDENTIAL information, not by his merely having potential access to such information. That is, if Mr. Hobbs actually reviews any such HIGHLY CONFIDENTIAL information, he would thereafter be barred, going forward, from participating in any way with any consideration of any additional BT patents for assertion against these Defendants. *See* Teleconference Transcript, p. 49.

In that light, BT proposes the following language for inclusion in the Protective Order as a way of balancing the parties' interests and resolving the situation:

> If BT's outside counsel is going to disclose to Mr. Hobbs any materials designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under § 2.8 of this Protective Order, BT's outside counsel will first notify Defendants' counsel in advance of any such disclosure. Immediately upon Mr. Hobbs' receipt of any materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," Mr. Hobbs will not thereafter participate in any identification, selection, or infringement analysis of any additional patents for potential assertion against Defendants, whether from third parties or already in BT's possession and/or control.

This approach more than fairly protects against any of Defendant's legitimate concerns.

- 4 -

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Daniel A. Boehnen<br>Grantland G. Drutchas<br>Jeffrey P. Armstrong<br>MCDONNELL BOEHNEN<br>HULBERT & BERGHOFF LLP<br>300 South Wacker Drive<br>Chicago, IL 60606<br>(312) 913-0001 | By: /s/ Philip A. Rovner<br>Philip A. Rovner (#3215)<br>Jonathan A. Choa (#5319)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>provner@potteranderson.com<br>jchoa@potteranderson.com |
| Dated:  March 14, 2019<br>6110433 | *Attorneys for Plaintiff*<br>*British Telecommunications plc* |