IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRITISH TELECOMMUNICATIONS PLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-366 (WCB) |
| | ) | |
| IAC/INTERACTIVECORP, MATCH GROUP, INC., MATCH GROUP, LLC and VIMEO, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUBMISSION (D.I. 77)
REGARDING THE PROTECTIVE ORDER**

Defendants respectfully submit this response to Plaintiff's Submission in Response to the Court's Directive of March 7, 2019 (D.I. 77) regarding the Protective Order. Defendants reaffirm their request to bar BT in-house personnel from reviewing Defendants' Highly Confidential technical material because BT's remaining designee, Mr. Neil Hobbs, advises and supports BT's Intellectual Property Rights Licensing team, which identifies patents for assertion against others. Defendants' concern that BT inadvertently may use technical information produced by the Defendants to identify additional patents to assert, remains well-founded.

In its submission, BT withdraws its request that its in-house counsel Mr. Peter Ratcliffe have access to Defendants' HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY materials. BT also withdraws its request that Mr. Neil Hobbs have access to Defendants' HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – Source Code materials. BT, however, maintains its request that Mr. Hobbs be allowed access to any other "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" materials produced

by Defendants under § 2.8 of the proposed Protective Order, including technical information regarding operation of the accused services.

In support of its request, BT submitted a declaration from Mr. Hobbs. D.I. 77-1. BT also proposes additional language for the protective order that would allow Mr. Hobbs to continue to consider additional patents to assert against Defendants until such time as Mr. Hobbs actually reviews any such HIGHLY CONFIDENTIAL information. *See* D.I. 77 at 3 (That is, "if Mr. Hobbs actually reviews any such HIGHLY CONFIDENTIAL information, he would thereafter be barred, going forward, from participating in any way with any consideration of any additional BT patents for assertion against these Defendants.").

Although Mr. Hobbs's declaration provides much of the responsive information the Court instructed BT to provide, the declaration is deficient in several key areas, as noted below:

- In section 2, Mr. Hobbs identifies the names, titles, and employers of the persons to whom he reports, but fails to identify their respective responsibilities.
- In section 4, Mr. Hobbs identifies the BT Intellectual Property Rights Licensing team as a BT committee that has responsibilities falling with item 6, but he fails to identify all the individuals who make up the committee and the extent to which the committee or its constituent members also have responsibilities identified in items 7-10.
- In section 5, Mr. Hobbs identifies the name, title, and employer of five members of the BT Intellectual Property Rights Licensing team with whom Mr. Hobbs works or collaborates and who have responsibilities falling with item 6, but Mr. Hobbs fails to identify the extent to which each of these individuals also have responsibilities identified in items 7-10. It appears that at least one of these individuals, Mr. Roger

>Nash, is Head of Patents and is directly responsible for overseeing BT patent prosecution matters. Mr. Hobbs also fails to state whether the five individuals identified are all of the member of BT's Intellectual Property Rights Licensing team, or just a subset of the members.

Mr. Hobbs acknowledges that, as part of his responsibilities, he (i) "advise[s] and support[s] the BT Intellectual Property Rights Licensing team … on its patent enforcement, assertion, and litigation activity" (D.I. 77-1 Section 4.A), and also (ii) works and collaborates with five of its members (*id.* Section 5).

In particular, Mr. Hobbs's declaration describes the BT Intellectual Property Rights Licensing team as being "exclusively responsible for identifying opportunities for BT's patent enforcement, licensing, and acquisitions." D.I. 77-1 Section 5.B. This team (i) identifies and evaluates target companies for BT's licensing and/or enforcement programs, (ii) identifies and evaluates patents to assert or license; and (iii) identifies and evaluates BT's acquisition of companies and/or patent portfolios. *Id.*

Although Mr. Hobbs declares that his responsibilities do not specifically include identifying target companies for BT's licensing and enforcement program (*id.* Section 6.A), and that he is not directly involved in identifying or evaluating patents to assert or license or BT's acquisition of companies and/or patent portfolios (*id. S*ection 6.B), Mr. Hobbs nevertheless admits that he advises, collaborates, and works with the individuals at BT who have exclusive responsibility for each of these activities (*id.* Sections 4, 5).

Further, BT's proposed new language—language that would allow Mr. Hobbs to continue to consider patents for assertion against Defendants (D.I. 77 at 3)—implicitly admits

3

that Mr. Hobbs's responsibilities include consideration of additional patents that BT can assert against Defendants.

As noted in The Parties' Joint Submission Regarding Proposed Protective Order, the District of Delaware Court recognizes that in-house counsel who participate in patent assertion activities should be considered competitive decisionmakers. D.I. 69 at 5 (citing *PhishMe, Inc. v. Wombat Sec. Techs. Inc*., 2017 WL 4138961, at *3-4 (D. Del. Sept. 8, 2017) ("Unsurprisingly, courts have found that this type of significant, active role in the direction of patent litigation and licensing … weighs in favor of a conclusion that [the PhishMe's in-house counsel] participates in competitive decisionmaking."); *Blackbird Tech LLC,* 2016 WL 2904592, at *2, *4 (in-house counsel were "competitive decisionmakers" where they, *inter alia,* "are essentially the officers and principals of [plaintiff], a business whose main practice is acquiring patents and asserting them in litigation.")).

Moreover, one of the individuals on the BT Intellectual Property Rights Licensing team who Mr. Hobbs advises, and with whom Mr. Hobbs works and collaborates, is BT's Head of Patents, Mr. Roger Nash. *See* D.I. 77-1 Section 5. Although Mr. Hobbs's declaration does not identify the specific responsibilities Mr. Nash has as Head of Patents, Mr. Nash's title and the accompanying parenthetical "(Patent Prosecutions)" (*id.*) strongly suggest that he is directly involved in and responsible for overseeing BT's patent prosecution matters, if not BT's entire patent program.

For all the foregoing reasons and those the Parties' Joint Submission, Defendants' reaffirm their continued objection to BT's proposal to give Mr. Hobbs's access to Defendants' Highly Confidential" technical information. The risk of inadvertent disclosure to others within BT who are directly responsible for BT's patent prosecution, licensing and enforcement is

simply too great. Accordingly, Defendants request that this Court adopt their positions in the Proposed Protective Order.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jack B. Blumenfeld* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
|  | 1201 North Market Street |
| Robert L. Hails | P.O. Box 1347 |
| T. Cy Walker | Wilmington, DE 19899 |
| BAKER & HOSTETLER LLP | (302) 658-9200 |
| Washington Square, Suite 1100 | jblumenfeld@mnat.com |
| 1050 Connecticut Avenue, N.W. |  |
| Washington, DC 20036-5403 | *Attorneys for Defendants* |
| (202) 861-1500 | *IAC/InterActiveCorp, Match Group, Inc.,* |
|  | *Match Group, LLC and Vimeo, Inc.* |
| Mark S. Einsiedel |  |
| BAKER & HOSTETLER LLP |  |
| 200 Civic Center Drive, Suite 1200 |  |
| Columbus, OH 43215-4138 |  |
| (614) 462-4709 |  |

March 15, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 15, 2019, upon the following in the manner indicated:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Jonathan A. Choa, Esquire<br>POTTER ANDERSON & CORROON LLP<br>1313 North Market Street<br>Hercules Plaza, 6th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Daniel A. Boehnen, Esquire<br>Grantland G. Drutchas, Esquire<br>Jeffrey P. Armstrong, Esquire<br>George T. Lyons, III, Esquire<br>MCDONNELL BOEHNEN HULBERT<br>& BERGHOFF LLP<br>300 South Wacker Drive<br>Chicago, IL  60606<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)