# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 18-366-WCB |
| IAC/INTERACTIVECORP, MATCH GROUP, INC., MATCH GROUP, LLC, and VIMEO, INC., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is <u>Defendants IAC/InterActiveCorp and Vimeo, Inc.'s Motion to Sever Counts I, III, and V</u>, Dkt. No. 82. In the motion, defendant Vimeo, Inc., argues that the claims against co-defendants Match Group, Inc., and Match Group, LLC, (Counts II, IV, and VI) should be severed from the claims against Vimeo (Counts I, III, and V). The joinder of all six claims, Vimeo argues, violates 35 U.S.C. § 299, because the claims against it do not all "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and because "questions of fact common to all defendants or counterclaim defendants" will not arise in this action. 35 U.S.C. § 299(a). Defendant IAC/InterActiveCorp ("IAC") likewise argues that the claims against it under Counts I, III, and V should be severed from the claims against it under Counts II, IV, and VI, because retaining all the claims against it in a single action "would lead to inefficiency and possibly inconsistent judgments." Dkt. No. 82, at 1. Plaintiff British Telecommunications PLC ("British Telecom") has filed a short response opposing the motion.

1

1.  It is undisputed that the claims against the two Match Group defendants, on the one hand, and against Vimeo, on the other, are based on entirely distinct transactions and occurrences. The claims against the Match Group defendants are based on different patents and different accused conduct from the claims against Vimeo.

As such, the Court concludes that Vimeo is entitled to a severance. Counts II, IV, and VI have nothing whatsoever to do with Vimeo. The only connection between Vimeo and the claims in Counts II, IV, and VI is that Vimeo's parent corporation, IAC, is also the parent corporation of the Match Group defendants and, in that capacity, IAC is charged with liability for infringement in all six claims. That is not enough to justify the joinder of the claims against Vimeo with the claims against the Match Group defendants, particularly under the standard for joinder that Congress has adopted in section 299 of the Patent Act.[1]

The Federal Circuit's decision in *In re EMC Corp.*, 677 F.3d 1351 (Fed. Cir. 2012), makes this clear. That case was a stronger candidate for joinder than this one, because the defendants who sought a severance were all charged with infringement of the same patents, while here the patents asserted against Vimeo and the Match Group defendants are entirely different. Nonetheless, the Federal Circuit in *EMC Corp.* held that joinder of the defendants was not permissible. The court explained that "joinder is not appropriate where different products or processes are involved. Joinder of independent defendants is only appropriate where the accused products or processes are the same

---

[1] Section 299 largely tracks the standard for permissive joinder of defendants in Rule 20(b) of the Federal Rules of Civil Procedure, but the statute is slightly narrower than the rule, in that Rule 20(b) provides for joinder if, inter alia, "any question of law or fact common to all plaintiffs will arise in the action," while section 299 provides that joinder of accused infringers is permissible if, *inter alia*, "questions of fact common to all defendants or counterclaim defendants will arise in the action."

in respects relevant to the patent." 677 F.3d at 1359. In order to justify joinder, the court noted, there must be "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must *share* an aggregate of operative facts." *Id.* at 1358 (emphasis in original). That is plainly not true in this case as to the respective claims against Vimeo and the Match Group defendants.

Although British Telecom opposes the severance, it says nothing in its response to justify the joinder of Vimeo and the Match Group defendants. Instead, British Telecom's focus is entirely on the justification of joining IAC with Vimeo and IAC with the Match Group defendants, respectively. There is no doubt that IAC can be joined with Vimeo and that IAC can be joined with the Match Group defendants in two separate actions, and the defendants do not argue to the contrary. That is because IAC is alleged to be jointly liable with Vimeo, in Counts I, III, and V, and with the Match Group defendants, in Counts II, IV, and VI. *See id.* at 1356 (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990)). In that regard, British Telecom's opposition is unresponsive to the point of the motion, which is to seek a severance of the claims against Vimeo (and IAC) from the claims against the Match Group defendants (and IAC).

On the merits of the question whether it was proper to join all the defendants in a single action, British Telecom argues that it "has alleged that Vimeo and the Match Defendants have each coordinated their respective infringing conduct together with and under the active control of IAC," Dkt. No. 92, at 3, and that "with respect to each of the respective Counts, the Match Defendants and Vimeo each 'share an aggregate of operative facts,' which includes 'overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical facts' with IAC," *id.* at 4

3

(quoting *In re EMC Corp.*, 677 F.3d at 1359). Again, however, those arguments go to the relationship between Vimeo and IAC, on the one hand, and the Match Group defendants and IAC, on the other. British Telecom points to nothing that directly connects the claims against Vimeo with the claims against the Match Group defendants.

In fact, British Telecom has elsewhere acknowledged that the claims in the First Amended Complaint do not overlap factually. In a brief filed in connection with <u>Plaintiff's Motion for Entry of Final and Appealable Judgment as to Count II</u>, Dkt. No. 71, British Telecom stated that Counts IV and V have "no factual overlap whatsoever with Count II," Dkt. No. 72, at 3; *see also id.* at 4, 6–7, 9. British Telecom also acknowledged in that brief that its assertions with respect to each of the patents in this litigation are "directed to different features of products/services offered by the Defendants, *id.* at 7, and that British Telecom "could have filed each of the Counts for infringement as separate actions; the only commonality among the Counts is that they are all asserted against overlapping groups of Defendants," *id.*

Focusing on the fact that IAC is a defendant in all of the claims raised in the First Amended Complaint, British Telecom argues that it would be inefficient if it were required "to take discovery from and try its claims against IAC in two separate actions." Dkt. No. 92, at 2. But that is a consequence of the fact that British Telecom has chosen to bring two entirely separate sets of claims against two groups of defendants, only one of which is common to both sets of claims. That choice cannot be allowed to override the restrictions on joinder set forth in 35 U.S.C. § 299, which requires that all of the claims against all of the joined defendants arise out of the same transaction or occurrence or series of transactions or occurrences, and that questions of fact common to all of the

defendants will arise in the action. British Telecom has not shown that those conditions are satisfied in this case.

2. Because the Court concludes that Vimeo is entitled to a severance from the claims against the Match Group defendants, the remaining question is what to do about the status of IAC in the two cases. Three possibilities present themselves. First, the Court could grant a severance on the following terms: the portion of the case involving claims II, IV, and VI would proceed as to the Match Group defendants and IAC, and the portion of the case involving claims I, III, and V would proceed against Vimeo and IAC. Second, the Court could sever the case into three parts: one involving only the claims against Vimeo; the second involving the claims against the Match Group defendants; and the third involving all claims against IAC. Third, the Court could sever the case for purposes of trial, but allow the case to proceed as a consolidated matter for all pretrial purposes. That approach would entail conducting one trial on the remaining claim against IAC and Vimeo (Count V and the associated counterclaims), and a separate trial on the remaining claim against IAC and the Match Group defendants (Count IV and the associated counterclaims).[2]

The first possibility has the disadvantage of upsetting the ongoing schedule for discovery and pretrial proceedings, including claim construction proceedings. The second would entail three separate trials, and likely require a great deal of duplication in the proof. The third has the advantage

---

[2] Consolidation of proceedings in separate cases for pretrial purposes is common, and is not contrary to 35 U.S.C. § 299, as that statute applies only to joinder for purposes of trial. *See In re Bear Creek Techs., Inc., ('722) Patent Litig.*, 858 F. Supp. 2d 1375, 1378 (J.P.M.L. 2012); *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:12-cv-508, 2012 WL 3307942, at *4 (E.D. Tex. Aug. 10, 2012) (section 299 "does not affect a district court's ability to consolidate related patent cases for pretrial matters"); *C.R. Bard, Inc. v. Med. Components, Inc.,* No. 2:12-cv-32, 2012 WL 3060105, at *1 (D. Utah July 25, 2012) (same); *see generally EMC Corp.*, 677 F.3d at 1356.

of preserving the ongoing pretrial schedule, while ensuring that the Vimeo and Match Group portions of the case will be separately tried. In the Court's judgment, the third option is the one that is the most practical and best balances the competing interests addressed by the parties in the motion and opposition. It also appears to the Court that proceeding in that fashion will result in no unfair prejudice to either side.

Rule 21 of the Federal Rules of Civil Procedure provides that a district court "may at any time, on just terms, add or drop a party," or "sever any claims against a party." In addition, Rule 42(b) provides that a court "may order a separate trial" of separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Together, those rules give district courts broad discretion to grant a severance, including a severance for purposes of trial. *See EMC Corp.*, 677 F.3d at 1355 ("Rule 21, which authorizes a district court to 'sever any claim against a party,' provides a district court broad discretion."); *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003) ("The decision to separate parties or claims is a case management determination peculiarly within the discretion of the trial court, and courts of appeals accord broad latitude to district courts in this area.") (quotations and citations omitted); 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1689, at 515–16 (2001) ("Questions of severance are addressed to the broad discretion of the district court.").

Moreover, even if a district court does not grant a severance under Rule 21, the court has discretion under Rule 42(b) of the Federal Rules of Civil Procedure to order a separate trial of one or more separate issues or claims. *See Apotex, Inc. v. Thompson*, 347 F.3d 1335, 1343 (Fed. Cir. 2003); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §2387, at 91 (3d

ed. 2008) (Rule 42(b) gives the district court "virtually unlimited freedom to try the issues in whatever way convenience requires.").

Based on the Court's assessment of the arguments set forth in the present motion and opposition, the proceedings in this case to date, factors of judicial economy, and the effect of the Court's actions on the parties, the Court will grant the motion for a severance for purposes of trial, but will treat the cases as consolidated for purposes of pretrial proceedings. For trial, the case against Vimeo and IAC will proceed on Counts I, III, and V and the related counterclaims, and the case against the Match Group defendants and IAC will proceed separately on Counts II, IV, and VI and the related counterclaims. Of course, because Counts I, II, III, and VI have been dismissed, the two trials as of now will be conducted only on Counts IV and V, respectively, and counterclaims associated with each of those claims.

IT IS SO ORDERED.

SIGNED this 22d day of April, 2019.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE