

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Philip A. Rovner**
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Firm Fax

September 8, 2020

**BY CM/ECF**

The Honorable William C. Bryson
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W. B
Washington D.C. 20439

    Re:   *British Telecommunications plc v. IAC/InterActiveCorp, et al.*
             D. Del. C.A. No. 18-366-WCB

Dear Judge Bryson:

I write on behalf of British Telecommunications plc ("BT") in response to IAC's letter to the Court seeking to stay the proceedings in this case based on IAC's recently-filed request for *ex parte* reexamination ("reexam") of the '105 patent.[1] IAC's request should be denied as yet another untimely, improper attempt for delay. This delay will unduly prejudice BT and is, like the many prior delay tactics, entirely of IAC's own making. Before exposing the lack of legal merit for this request, BT reiterates the pertinent background aspects of this request that IAC omitted.

The November 2020 trial date was identified over a year and a half ago, D.I. 57 (Jan. 11, 2019). <u>*IAC itself recently confirmed the November 30, 2020 trial date in its unopposed motion filed March 12, 2020 (D.I. 183,), which this Court granted and ordered on March 13, 2020. (D.I. 184.)*</u> The Court has indicated on numerous occasions that it does not intend to move this date. *See, e.g.*, D.I. 222. The parties completed fact discovery months ago, and have completed all expert reports and briefing on their dispositive motions. IAC has known about the '105 patent and the accused infringement for over five (5) years (Sept. 2015), when BT first disclosed its assertion to IAC. BT served its Complaint asserting the '105 patent thirty (30) months ago (Mar. 2018). D.I. 2.

Nevertheless, IAC waited until June 26, 2020 to seek reexam. This delay (30 months after BT filed the Complaint and nearly 5 years after IAC knew of BT's assertion) is inexcusable and should preclude any stay of the impending trial date.

BT has been prejudiced enough already due to Defendants' inaction, undue delay, and gamesmanship. Thus, for at least the reasons below, BT asks the Court to deny IAC's latest attempt at the same and keep this case moving ahead to trial on November 30, 2020.

---

[1] As BT has previously noted for the Court's information, the PTAB recently rejected Vimeo's IPR action as to Claim 4 of the Walker patent, which will return to this Court straightaway.

The Honorable William C. Bryson
September 8, 2020
Page 2

## IAC Overblows the Importance and Impact of the PTO's Recent Order

IAC's assertions that recent PTO comments have *any impact* on this case, or that the PTO is likely, much less extremely likely, to find claim 10 invalid based on the PTO's recent comments are greatly exaggerated and incorrect.

The Examiner did not find that Zhou or Welsh or any reference affirmatively teaches anything in claim 10. The Examiner's comments are consistent with this Court's previous observation that Zhou and Welsh should not be added to this lawsuit and do not add any meaningful invalidity distinctions beyond the other references in the Defendants' invalidity contentions (none of which are presented to the PTO in IAC's reexam request). D.I. 210. The Examiner merely found that IAC's reexam raised substantial new questions of patentability ("SNQP") about previously uncited references that could not be dismissed as a matter of course at this juncture. Understanding that SNQP issue relies upon, almost inarguably, the lowest evidentiary burden of proof of any post-grant proceeding, this action is hardly a surprising or impactful result. In IAC's own evidence, the PTO notes that over 90% of applications for reexam are granted and reexams are instituted. *See* IAC Letter (Sept. 2), at Ex. D. Former Federal Circuit Chief Judge Michel has also reiterated this point in Congressional testimony:

> What's happening already is that court proceedings that are ongoing are being stalled by things going back to the Patent Office for reexamination under the current system because the threshold to get there is meaningless. Ninety-five percent of the times that meaningless threshold of a so-called ''substantial new question'' is readily met. Any patent lawyer worth his salt can raise a substantial new question in virtually every case.[2]

Put simply, the PTO's institution of this proceeding has no bearing on the validity of the '105 patent—IAC is simply using it as another inappropriate attempt for delay. This delay would be particularly harmful to BT considering IAC's own evidence, which shows that the average pendency of such reexams lasts over two years. *See id.* at Ex. D. BT foresees the pendency of this particular reexam, including eventual appeals, as being much longer than average. BT will undoubtedly be prejudiced in the meantime—all because of IAC's continued delay and obfuscation.

This Court has also already recognized IAC's inexcusable delay concerning these references when the Court found that IAC failed to show diligence in identifying the Welsh and Zhou references; as a result, the Court denied IAC's request to amend its invalidity contentions based on the same. D.I. 210. Now, in the face of that denial, IAC asks for a different answer to essentially the same question. Even worse, IAC asks that BT (and this Court) sit around on aging evidence and witnesses, ignoring the substantial expense by all parties to date, in the meantime. Further, this delay and prejudice would be compounded by the fact that nothing precludes IAC from filing serial reexams if IAC doesn't get the answer it hopes for this time around, and then ask the Court for another stay later in the process. Based on these facts alone, this Court should deny IAC's request and, just as this Court has reiterated time and time again, make clear that the parties will proceed to the scheduled trial.

---

[2] *See* http://www.uspto.gov/aia_implementation/hearing-feb11.pdf (last visited Sept. 8, 2020).

The Honorable William C. Bryson
September 8, 2020
Page 3

As this Court noted the last time IAC asked for stay in this case, there are three factors a court considers when determining whether to grant a stay of litigation. *British Telecommunications PLC v. IAC*, No. 18-366- WCB, 2019 WL 4740156, at *2 (D. Del. Sept. 27, 2019) (D.I. 130) (citing *St. Clair Intellectual Property v. Sony Corp.*, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003) (denying stay because "the instant motion was filed after the close of discovery and weeks before the commencement of the scheduled trial date.")

### IAC's Request Will Not Simplify the Issues for Trial

Considering the first factor, IAC's reexam does not simplify the issues for trial because the reexam deals solely with issues that this Court has expressly ruled are not part of the trial, namely whether the Zhou and Welsh references invalidate the '105 patent. The only way IAC can even remotely suggest the reexam will simply issues for trial is by its own self-serving assumption about the end result of its reexam, namely, its hope that the PTO will invalidate the '105 patent. But this is not the test, nor can the Court address IAC's request from the perspective of assuming the correctness of IAC's own self-serving hopes. Indeed, if the Court assumes the correctness of BT's belief about the reexam, *i.e.* that the reexam will fail just as IAC's IPR against the Walker '200 patent against claim 4 has already failed (and as the PTAB and BT predicted),[3] then it becomes clear that the primary effect of the reexam will be to delay the trial for two or three or more years, resulting in the inevitable loss of evidence, witnesses, and already-completed preparations. Moreover, IAC's reexam request failed to discuss this Court's claim construction of each of the relevant terms, and the PTO's order granting reexam therefore did not do so either.

Thus, this factor weighs in favor of denying IAC's request—or, at minimum, neither favors nor disfavors a stay. *See, e.g.*, *Cronos Techs., LLC v. Expedia, Inc.*, No. CV 13-1538-LPS, 2016 WL 1089752, at *1 (D. Del. Mar. 21, 2016) ("if the PTO does not invalidate all of the asserted claims, significant issues will remain to be resolved, including issues of infringement, as well as invalidity defenses which will not be addressed by the PTO (*e.g.,* Defendants' §§ 101 and 112 defenses and §§ 102 and 103 defenses based on prior art that will not be considered by the PTO)," and further "[b]ecause the issues left for trial do not completely overlap those that are to be resolved upon reexamination, yet each of the claims of the patents in suit are under reexamination, this factor neither favors nor disfavors a stay.")

### Case Status: This Case Is Practically on the Eve of Trial

The next factor, "the status of the litigation, particularly whether discovery is complete and a trial date has been set," clearly weighs against granting stay. The five day trial is set to begin November 30, 2020. D.I. 184; 197. That the trial would proceed in November 2020 was first confirmed by this Court more than 18 months ago. *See* D.I. 57. Fact discovery was completed months ago. Expert reports have been completed. The parties have completed briefing on their dispositive motions. Although the parties are still finalizing an exact schedule of remaining dates, all pre-trial activities will be completed in October, so the parties will be ready to have the final pretrial conference on October 30, 2020.

---

[3] *See* note 1 *supra.*

The Honorable William C. Bryson
September 8, 2020
Page 4

Based on the very advanced stage of this litigation, this factor weighs strongly against a stay for that reason alone.  However, this factor weighs even more strongly against a stay when considered in relation to the infancy of the current reexam proceedings.  Like the similar facts in *Cronos Techs., LLC*, the PTO has instituted reexam, but has not issued an Office Action. 2016 WL 1089752.  There, the court held that the time and resources already expended by the parties in this litigation counseled against an indefinite stay pending reexam.  *Cronos, id.* at *3 ("As noted by Plaintiff, the reexamination proceedings are still at an early stage. ... As of the filing of the motion, a trial date had been set …, fact discovery was complete …, and the parties had exchanged expert reports []…. Given the resources already expended by both sides and the Court in this case, the stage of the case weighs against granting a stay.").  This case stands in contrast to the facts in IAC's primary case, *CyWee Grp. Ltd. v. Samsung Elec. Co*., No. 2:17-cv-140, D.I. 331 (E.D. Tex. Feb. 14, 2019), where, among other things, a timely *inter partes* proceeding had been filed, the PTAB instituted the IPR based on the higher "reasonable likelihood" standard, the court and parties could depend on the PTAB rendering a decision within 12 months of the stay request, and estoppel would apply.  Here, however, starting with BT's original 2015 notice of infringement against IAC, the parties are near the end of a five-year marathon in this litigation and just nearing the starting line of the years-long PTO proceeding that is yet to come.  BT has invested millions of dollars and countless hours relying on the Court-ordered trial date of November 30, 2020 and shouldn't be prejudiced now because of IAC's continued delay tactics.

Finally, in spite of IAC's assertions otherwise, to predict that the "the parties should have an understanding whether claim 10 will likely be confirmed or cancelled in early 2021" is patently untrue.  IAC Letter (Sept. 2), at 3.  There is a strong possibility that the first Office action won't issue until 2021, much less a final Office action, much less oral argument, much less a final decision, much less the resolution of any appeals – which go to the PTAB before going to the CAFC – much less a reexam certificate.  Thus, there is no "understanding" between the parties whether claim 10 will be confirmed or cancelled in the immediate future.   Indeed, even if Claim 10 were amended with minor technical changes, there is the third possibility that claim would then return to this Court, and intervening rights would not apply in any event.  All such ambiguities are avoided by a trial on November 30.  Thus, the infancy of the PTO proceedings vs. the advanced stage of this case weighs against a stay as well.

**IAC's Indefensible Delay and Gamesmanship Continues to Prejudice BT**

The consideration of whether "a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage," weighs strongly in BT's favor.

Again, IAC has known about the '105 patent and IAC's accused infringement for over five years (Sept. 07, 2015).  IAC has also known about this specific suit for over two and a half years.  D.I. 2.  Despite its longstanding knowledge, IAC waited until June 26, 2020 to file its request for reexam.  This delay (almost 28 months after the Complaint was filed and nearly 5 years after IAC knew of BT's assertion) is inexcusable, unduly prejudicial, and would create a clear tactical disadvantage to BT in this litigation.  The Court should deny the stay based on these reasons alone—but IAC's gamesmanship involves much more as shown below.

First, IAC has also long known of the Zhou reference, having cited it in (i) their Preliminary Invalidity Contentions (served April 30, 2019), (ii) their Final Invalidity Contentions (served

The Honorable William C. Bryson
September 8, 2020
Page 5

December 3, 2019), and (iii) their very Final Revised Invalidity Contentions (served March 2, 2020).  As for the Welsh reference (issued June 29, 2004), IAC admitted that the Welsh reference was discovered after just a two-week search, but IAC failed to offer any explanation as to why this 16-year-old patent was not discovered earlier in the two and half years that the parties have been litigating this case (or the ~five years that IAC has been on notice of their infringement).  IAC also provides no compelling reason why it waited so long to file its reexam based on the same.  Indeed, IAC's reexam request "made well after the onset of litigation followed by a subsequent request to stay" is nothing more than IAC's latest attempt at an "inappropriate tactical advantage."  *Cronos Techs., LLC*, 2016 WL 1089752, at *3-4 (citation omitted).

Second, if a stay was granted, BT (and the Court) would both be prejudiced due to stale (or potentially misplaced) documents and testimony, as well as the parties' and the Court's current impressions and understandings that are currently primed and ready for trial.  There have already been multiple untimely disclosures and productions of documents from IAC in this case (and this Court has addressed the parties' disputes on the same).  Commencing trial years from now will undoubtedly give rise to further, extensive motion practice.  Neither of the inventors are current BT employees, and BT's opportunity to have these inventors testify live at trial will certainly get more difficult over time.  BT asks this Court not to further compound the problems by staying this litigation at this juncture—when everything is ready for trial.

Third, IAC alleges that BT will not suffer prejudice because BT and IAC are not competitors—but that is not the only test or standard.  Instead, as detailed above, BT will undoubtedly be prejudiced by a stay here, regardless whether BT and IAC are competitors.  *See, e.g.*, *Cronos Techs., LLC*, 2016 WL 1089752, at *3-4 (noting that even non-practicing entities (which BT is not) suffer prejudice from untimely requests for stay based on reexam proceedings because "'staying a case pending PTO review risks prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff'") (citation omitted).

**IAC's Disregard of the Court's Previous Order**

IAC's transparent motive for the reexam is nothing but an end-run around this Court's order that the Zhou and Welsh references should not form a basis for asserting invalidity in this case.  D.I. 210. This Court already rejected IAC's bid to insert Zhou and Welsh into this case and to delay the trial to reopen discovery based on the same.  If IAC wanted a different result, it could (and should) have acted in a straightforward manner, *i.e.*, asking the Court to reconsider that decision.  Instead, IAC filed the reexam and now asks the Court to prioritize the PTO reexam over the November 30 trial.  In asking the Court to stay this case and defer the district court lawsuit in favor of the PTO reexam, IAC has merely re-packaged the Zhou/Welsh issue and asked this Court for relief it previously rejected.  IAC's attempted end-run is transparent, unmerited, and should be rejected.

**Conclusion:**

Thus, for at least these reasons, IAC's request should be denied as yet another untimely, improper attempt for delay—delay which will unduly prejudice BT and is, simply, all of IAC's own making.  BT should not bear the burden of these prejudices based on IAC's inexcusable delay and gamesmanship.  Instead, this Court should keep this case moving ahead to trial in November.

The Honorable William C. Bryson
September 8, 2020
Page 6

                                                    Respectfully,

                                                  */s/ Philip A. Rovner*

                                                  Philip A. Rovner (#3215)

cc: All Counsel of Record – by CM/ECF