IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> IAC/INTERACTIVECORP, ) <br> MATCH GROUP, INC., ) <br> MATCH GROUP, LLC, and ) <br> VIMEO, INC., ) <br> ) <br> *Defendants*. ) | C.A. No. 18-366-WCB |

**MEMORANDUM OPINION AND ORDER**

The discovery dispute before me relates to a series of subpoenas duces tecum that defendants IAC/InteractiveCorp and Vimeo, Inc. (collectively, "Vimeo") have served on third parties. Plaintiff British Telecommunications PLC ("BT") challenges the subpoenas on the grounds of relevance and timeliness. Specifically, BT argues that the subpoenas relate to whether claim 4 of BT's U.S. Patent No. 7,974,200 ("the Walker patent") is invalid. That question is not at issue in the case, BT argues, because Vimeo did not assert that claim 4 is invalid in its final invalidity contentions. In addition, BT views the subpoenas' document requests as untimely, as they were served after the deadline in the scheduling order for document production. For those reasons, BT asks that I quash the subpoenas and preclude Vimeo from pursuing discovery regarding the invalidity of claim 4 of the Walker patent. Dkt. No. 290. Vimeo has responded, Dkt. No. 294, and BT has submitted a reply, Dkt. No. 296. BT's request to quash the subpoenas and preclude Vimeo from asserting an invalidity defense as to claim 4 of the Walker patent is denied.

1

## BACKGROUND

Following an inter partes review of various claims of the Walker patent, I lifted the stay of this litigation. Dkt. No. 256. At that time, BT proposed to proceed against Vimeo at trial on claims 4, 8, and 9 of that patent. Vimeo subsequently filed its final invalidity contentions. In its invalidity contentions, Vimeo alleged that all the asserted claims of the Walker patent were invalid. Dkt. No. 290-1, at 18, 31. While Vimeo charted invalidating references for claims 8 and 9, however, it did not do so for claim 4.

BT then filed what it styled a Notice of Narrowing Issues for Trial. Dkt. No. 275. In that notice, BT stated that it was dropping claims 8 and 9, and that it would be proceeding only on claim 4. Dkt. No. 275. BT asserted that because claims 8 and 9 were no longer part of the case, and because Vimeo had not charted or discussed any invalidating references for claim 4, there were no remaining issues of invalidity to be litigated at trial. BT represented that during a meet-and-confer, counsel for Vimeo had agreed that it had not raised any invalidity contentions as to claim 4 and that its failure to do so was "a conscious and affirmative decision by Vimeo." *Id.* at 1. As a consequence, BT stated, only the issues of infringement and damages remained to be tried.

Vimeo filed a response to BT's notice regarding claims 8 and 9. Vimeo denied that it had agreed that the validity of claim 4 was out of the case and asserted that Vimeo's counsel had "never told BT that they were surrendering their invalidity defense or counterclaim, particularly with regard to invalidating prior art systems." Dkt. 276, at 2.

The day after filing its response to BT's Notice of Narrowing Issues for Trial, Vimeo began filing notices of its third-party subpoenas. On January 22 and 26, 2021, Vimeo provided BT notice of its subpoenas duces tecum on RealNetworks, Inc., Microsoft Corp., Apple Inc., Dish Network Corp., EchoStar Corp., International Business Machines Corp., Move Networks, Inc., and Sling TV

LLC. Dkt. Nos. 278–80, 284–88. Those subpoenas were directed mainly at discovery relating to products that predated the priority date of the Walker patent.

On February 2, 2021, BT filed the present request to quash those subpoenas and bar Vimeo from litigating the issue of invalidity as to claim 4. In a letter brief filed in support of its request, BT represented that counsel for Vimeo had agreed that Vimeo did not intend to challenge the validity of claim 4. BT further represented that it had sent an email to counsel for Vimeo to confirm that the parties had agreed that the validity issues were no longer in the case. According to BT, Vimeo effectively acknowledged the correctness of the representations in the email by not responding to it. Dkt. No. 290, at 1 & n.1.

On February 3 and 4, 2021, Vimeo notified BT that it had served subpoenas on three additional parties: Akamai Technologies, Inc., Fastly, Inc., and Level 3 Communications, LLC. Dkt. Nos. 292, 293, 295.

In its February 4, 2021, response to BT's request to quash the third-party subpoenas and preclude Vimeo from pursuing discovery regarding invalidity as to claim 4, Vimeo argued that it did not intend to drop its validity defense as to claim 4 and that the invalidity of claim 4 was still "very much in dispute." Dkt. No. 294, at 2. Vimeo contended that BT was essentially seeking an advance ruling blocking any discovery that might lead to new invalidity defenses on the ground that the discovery might lead Vimeo to file a motion for leave to amend its invalidity contentions. As such, Vimeo argued, BT's request was a premature effort to bar Vimeo from potentially filing such a motion to amend. *Id.* Vimeo also argued that its third-party subpoenas were relevant not only to invalidity, but also to non-infringement. Vimeo stated that it believed the requested discovery would confirm that "(1) no single actor or group of actors performs every claimed step, or at least (2) that adaptive bitrate streaming technologies like the ones used by Vimeo require numerous players in the

3

Internet ecosystem to separately and independently perform steps of claim 4 without any direction from Vimeo." *Id.*

BT replied to Vimeo's response, arguing that it was clear from the invalidity contentions and the exchanges between the parties that Vimeo had agreed to drop its invalidity defense as to claim 4. Dkt. No. 296, at 1. BT also argued that Vimeo's contention that the subpoenas were potentially relevant to Vimeo's defense of non-infringement was a "smokescreen." That argument, BT contended, was irrelevant to the eight third-party subpoenas identified in BT's February 2, 2021, letter brief, which BT refers to as the "invalidity-issue subpoenas." BT acknowledged that the three subpoenas for which Vimeo gave notice on February 3 and 4, 2021, which BT refers to as the "infringement-issue subpoenas," were not objectionable on the ground that they were directed solely to invalidity. However, BT contended that the requests for documents in those subpoenas, like the requests for documents in the eight "invalidity-issue subpoenas," were objectionable because they requested the production of documents after the close of document production according to the scheduling order. *Id.* at 2.

## DISCUSSION

The centerpiece of BT's argument is that Vimeo failed to chart any alleged prior art against claim 4 of the Walker patent in its final invalidity contentions. That omission, according to BT, constitutes an acknowledgement that Vimeo does not contend that claim 4 is invalid based on any prior art patents, publications, or systems. In light of Vimeo's failure to chart any invalidating references directed to claim 4 in its final invalidity contentions, BT argues that the eight "invalidity-issue subpoenas" are unreasonably burdensome on BT, the third parties, and the court. In addition, BT argues that the document production requests in all of the subpoenas are untimely, because the deadline for document production under the scheduling order in this case has already passed. For

that reason, BT contends that even the three "infringement-issue subpoenas" should be quashed insofar as they request the production of documents.

Vimeo responds that BT's request amounts to a premature effort to quash an affirmative defense. In any event, Vimeo argues that the subpoenas are relevant not only to the issue of invalidity, but also to non-infringement. As for timeliness, Vimeo contends that the third-party subpoenas do not fall within the category of "document production" under the scheduling order, but instead fall within the category of "fact discovery." Because fact discovery has not yet closed, Vimeo contends that the subpoenas are not untimely.

1. BT's objection that the subpoenas call for the production of documents and that the time for document production has ended is not convincing. While it is true that the time for document production has ended, fact discovery is still open. The document production referred to in the scheduling order is directed to the parties' mutual document production that is required by Rule 34 of the Federal Rules of Civil Procedure. That portion of the scheduling order does not apply to discovery from third parties that may include requests for documents. Discovery in the form of subpoenas to third parties, including subpoenas duces tecum, is covered by Rule 45 of the Federal Rules. "Document production" covers only the parties' production of documents *inter sese*, and "fact discovery" covers interrogatories and depositions between the parties as well as discovery from third parties accompanied by requests for document production. *See WebXchange Inc. v. FedEx Corp.*, No. C.A. 08-133-JJF, 2010 WL 883759, at *1 (D. Del. Mar. 9, 2010). For that reason, Vimeo's third-party subpoenas are not untimely.

2. In response to BT's argument that the eight "invalidity-issue subpoenas" should be quashed because Vimeo failed to chart any invalidating references for claim 4 of the Walker patent in its final invalidity contentions, Vimeo argues that it has not waived its invalidity defense as to

5

claim 4.[1] Rather, Vimeo asserts that if the third-party subpoenas produce evidence of important third-party prior art systems, it will seek to amend its invalidity contentions. BT suggests that any such motion would be futile. However, I am not prepared at this point to rule that any motion by Vimeo to amend its final invalidity contentions would necessarily fail. To do so would be, in effect, to anticipate a motion to amend the contentions and the objections to that motion without a full record and without full briefing. Therefore, I will not enter an order that forecloses discovery directed to invalidity at this time.

3. The parties disagree about whether the eight "invalidity-issue subpoenas" are relevant to infringement. Vimeo argues that the subpoenas may produce evidence that no single party committed all of the alleged steps required for infringement. In response, BT points out that the "invalidity-issue subpoenas" are directed to products that were in existence before the priority date of the Walker patent and thus would not be likely to produce evidence relevant to infringement.

Based on the limited information presented to me at this point, I cannot make a confident assessment as to whether the eight "invalidity-issue subpoenas" are directed solely to the issue of invalidity. Vimeo contends that those subpoenas also seek information relevant to infringement, and it appears that there is at least a reasonable possibility that the subpoenas will produce relevant information bearing on that issue. BT does not contest that the three most recently issued subpoenas—the "infringement-issue subpoenas" that are directed to Akamai, Fastly, and Level 3—

---

[1] BT asserts that Vimeo admitted that it "did not dispute BT's email confirming that Defendants did not intend to challenge the validity of Claim 4," Dkt. No. 290, at 1 n.1, and that Vimeo's counsel "never questioned or otherwise suggested that the email misstated any aspect of Defendants' representations," Dkt. No. 295, at 1. While it is true that Vimeo did not respond to BT's email, Vimeo made clear in its filing in response to BT's Notice of Narrowing Issues for Trial, Dkt. No. 275, that it did not regard the issue of the validity of claim 4 as being out of the case. *See* Defendants' Response to Plaintiff's Notice of Narrowing Issues for Trial, Dkt. No. 276.

seek information relevant to non-infringement. Even with respect to the eight "invalidity-issue subpoenas" that BT challenges, it appears that those subpoenas are directed at least in part to evidence that may be relevant to Vimeo's non-infringement defense. In particular, those subpoenas seek to capture the recipients' knowledge concerning current practices relating to video streaming and interactions with BT regarding the technology and the Walker patent. Such information appears to be encompassed within the demands in those subpoenas for (1) "Documents and Communications between [the recipient] and BT Relating to . . . [the recipient's] or BT technology or patent relating to adaptive streaming of content; or . . . any notice of infringement, offer to license, or license relating to the foregoing"; (2) "Documents and Communications between [the recipient] and BT Relating to [the recipient's] knowledge of the '200 patent"; and (3) deposition testimony relating to the same topics. *See* Dkt. No. 290-1, at 94, 95, 97, 98; Dkt. No. 296-1, at 17, 18, 20, 21; *id.* at 64, 65, 67, 69; *id.* at 111, 112, 114, 115; *id.* at 157, 158, 160, 161; *id.* at 203, 204, 206, 207; *id.* at 249, 250, 252, 253; *id.* at 296, 297, 299, 300.

The record at this point is not sufficiently developed to allow a confident conclusion as to whether the evidence sought in the eight "invalidity-issue subpoenas" is likely to be relevant to Vimeo's non-infringement defense. Given that the cited portions of those subpoenas are not directed exclusively at circumstances prior to November 29, 2000, I am satisfied that there is at least a reasonable possibility that the subpoenas will produce evidence relevant to non-infringement. Accordingly, for that reason as well, I deny BT's request to quash Vimeo's eight "invalidity-issue subpoenas" and the documentary requests set forth in Vimeo's three "infringement-issue subpoenas."[2]

---

[2] Nothing in this order should be regarded as bearing on how I may rule on any motion to amend Vimeo's final invalidity contentions if such a motion should be filed in the future.

IT IS SO ORDERED.

SIGNED this 16th day of February, 2021.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE