

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Philip A. Rovner**
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140 Direct Phone

May 17, 2023

**BY CM/ECF AND HAND DELIVERY**

The Honorable William C. Bryson
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

> Re:     *British Telecommunications, plc v. IAC/INTERACTIVECORP et al.*
>         (C.A. No. 1-18-366-WCB)

Dear Judge Bryson:

The parties respectfully submit this Joint Status Report pursuant to Oral Order dated May 10, 2023, on the status of the reexamination proceeding for United States Patent No. 7,243,105 (the "Thint '105 Patent") (D.I. 320).

**Nature and State of the Proceedings**

British Telecommunications, plc ("British Telecom") filed its first amended complaint in this action against, *inter alia*, IAC/InterActiveCorp ("IAC"), Match Group, Inc. ("MGI"), Match Group, LLC ("MGL") (collectively referred to herein as "IAC") on June 8, 2018 (D.I. 17) asserting infringement of the Thint '105 Patent. IAC filed its answers to the amended complaint on February 19, 2019 (D.I. 64-67). This Court issued its Claim Construction Order for the Thint '105 Patent on September 27, 2019 (D.I. 131). This action has been narrowed to only involve an infringement allegation of claim 10 of the Thint '105 Patent. IAC filed an *ex parte* reexamination request for claim 10 of the Thint '105 Patent and a Motion to Stay (D.I. 245), which this Court granted on September 11, 2020 (D.I. 253).

**Status of the Reexamination Proceeding for United States Patent No. 7,243,105**

On June 26, 2020, IAC requested *ex parte* reexamination of the Thint '105 Patent and the United States Patent and Trademark Office ("PTO") ordered reexamination on August 18, 2020. *Request for Ex Parte Reexamination of U.S. Patent No. 7,243,105 Pursuant to 37 C.F.R. 1.510*, Reexamination Control No. 90/014,542 (June 26, 2020); *Decision on Request for Ex Parte Reexamination,* Reexamination Control No. 90/014,542 (Aug. 18, 2020).

On February 22, 2021, and June 29, 2021, the Examiner twice-rejected claim 10. *Non-Final Rejection*, Reexamination Control No. 90/014,542 (June 29, 2021); *Non-Final Rejection*,

Reexamination Control No. 90/014,542 (February 22, 2021). On January 11, 2022, the Examiner again rejected claim 10. *Final Rejection*, Reexamination Control No. 90/014,542 (Jan. 11, 2022).

In the first Non-Final Rejection, the Examiner applied the Court's claim construction (D.I. 131) and construed claim 10 in the same manner as the Court. In the second Non-Final Rejection, the Examiner applied the broadest reasonable interpretation standard (BRI), and explained the departure from this Court's claim construction. And in the Final Rejection the Examiner maintained his interpretation under the BRI standard.

British Telecom appealed these rejections to the Patent Trial and Appeal Board ("PTAB"). *Appeal Brief*, Reexamination Control No. 90/014,542 (May 6, 2022). On June 15, 2022, the Examiner filed an answer to British Telecom's Appeal Brief maintaining the rejections of claim 10. *Examiner's Answer to Appeal Brief*, Reexamination Control No. 90/014,542 (June 15, 2022). In its answer, the Examiner again construed claim 10 according to the BRI standard, again explaining the departure from the Court's claim construction. British Telecom requested an oral hearing before the PTAB. *Request for Oral Hearing*, Reexamination Control No. 90/014,542 (Aug. 12, 2022).

On January 4, 2023, the PTAB issued a decision on appeal reversing some rejections of claim 10 based on the Examiner's rationale, but affirming ed other rejections of claim 10 based a new ground of rejection. *Patent Board Decision under 37 C.F.R. 41.50(b)*, Reexamination Control No. 90/014,542 (Jan. 4, 2023). In the decision, the PTAB also determined that the Examiner's claim construction was erroneous, and instead adopted this Court's claim construction. *Id.* at 9.

Applying this Court's claim construction, the PTAB reversed the Examiner's findings and determined that claim 10 was not anticipated or obvious over the Welsh reference, affirmed that claim 10 was invalid under section 103 in view of the Zhou reference (alone and in combination with the admitted prior art), albeit for different rationale than that articulated by the Examiner, and did not reach the issue of whether claim 10 is anticipated by the Zhou refence under section 102. *Id.* at 10 and 16-17.  This is illustrated in the PTAB's chart and accompanying footnote, shown below:

DECISION SUMMARY

In summary:

| Claims Rejected | 35 U.S.C. § | References/Basis | Affirmed | Reversed | New Ground |
|---|---|---|---|---|---|
| 10 | 102(e) | Welsh | | 10 | |
| 10 | 103 | Welsh | | 10 | |
| 10 | 102(b) | Zhou[5] | | | |
| 10 | 103 | Zhou | 10 | | 10 |
| 10 | 103 | APA, Welsh | | 10 | |
| 10 | 103 | APA, Zhou | 10 | | 10 |
| Overall Outcome | | | 10 | | 10 |

[5] Because we do not reach the merits of this rejection, we leave the table cells corresponding to this rejection blank.

In response to the new grounds of rejection, on March 3, 2023, British Telecom filed a request to reopen prosecution based on new evidence—including an expert declaration. *Patent Owner's Request to Reopen Prosecution Pursuant to 37 C.F.R. 41.50(b)(1) Based on New Evidence*, Reexamination Control No. 90/014,542 (Mar. 3, 2023). As of the filing of this joint status report, British Telecom's request to reopen prosecution is still pending.

**The Parties' Position Regarding the Ongoing Prosecution and Continued Stay**

The Parties respectfully submit that the stay be maintained until the PTO's reexamination of the Thint '105 Patent is completed. As this Court noted in its order granting the stay, if the stay is lifted, the proceedings before the PTO and before the Court would proceed concurrently, which would waste resources. D.I. 253. Additionally, lifting the stay while prosecution of the Thint '105 Patent is ongoing raises the risk of conflict between a district court judgment and the PTO's determination of the validity of the patent claim.

British Telecom has not amended claim 10, and has instead requested reopening of prosecution in the reexamination proceeding.

Thus, maintaining the stay to allow for the completion of the reexamination proceeding will not increase complexity of this litigation, and instead will only help to clarify some of the invalidity issues presented.

POTTER ANDERSON & CORROON LLP

By:     */s/ Philip A. Rovner*
        Philip A. Rovner (#3215)
        Jonathan A. Choa (#5319)
        Hercules Plaza P.O. Box 951
        Wilmington, DE 19899
        (302) 984-6000
        provner@potteranderson.com
        jchoa@potteranderson.com

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
Jeffrey P. Armstrong
George T. Lyons, III
Margot M. Wilson
MCDONNELL BOEHNEN HULBERT
& BERGHOFF LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

*Attorneys for Plaintiff*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:     */s/ Jack B. Blumenfeld*
        Jack B. Blumenfeld (#1014)
        Lucinda C. Cucuzzella (#3491)
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE 19899
        (302) 658-9200
        jblumenfeld@morrisnichols.com
        ccucuzzella@morrisnichols.com

OF COUNSEL:

James S. Renard
Robert Greeson
Hao J. Wu
Jacqueline G. Baker
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-2784
(214) 855-8000

Erik Janitens
NORTON ROSE FULBRIGHT US LLP
1301 McKinney St #5100
Houston, TX 77010-3095
(713) 651-5151

*Attorneys for Defendants Match Group, Inc.,*
*Match Group, LLC, and IAC/InterActive*
*Corp*